```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
DUSTIN MCLELLAN,                *
                                *
     Plaintiff,                 *
                                *
vs.                             *   CIVIL ACTION NO.15-00161-CG-B
                                *
MONICA JOHNSON, et al.,         *
                                *
     Defendants.                *
```

### REPORT AND RECOMMENDATION

This action is before the Court on review. When Plaintiff filed this action seeking relief under 42 U.S.C. § 1983, he listed his address as Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama 35749. (Doc. 1). Subsequent thereto, Plaintiff requested and was granted permission to proceed *in forma pauperis*. (Docs. 5, 6). Plaintiff was directed to pay a $25.00 partial filing fee, and was advised that it is his responsibility to keep the court informed of his current address, and that if he failed to do so, this action would be dismissed for failure to prosecute and obey the Court's order. (Doc. 6). Plaintiff paid the partial filing fee as directed, and on June 29, 2015, he filed a Notice of Change of Address (Docs. 7, 9). In the notice, he lists his new address as Mobile Metro Jail, P.O. Box 104, Mobile, AL, 36601.

On July 2, 2015, the Court sent a collection order to the new address provided by Plaintiff; however, it was returned to the Court with the notation "RETURN TO SENDER, REASON CHECKED - Moved." (Doc.

10). A check of the Alabama Department of Corrections' website indicates that Plaintiff is no longer in the custody of ADOC. Since Plaintiff is no longer in the custody of ADOC, and because he has neglected to keep the court appraised of his current address, the Court has no means by which to communicate with Plaintiff, and surmises that he is no longer interested in pursuing this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's

inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that *under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."* 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **October, 2015.**

                                                    **/S/SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**